**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER S. SNIDER,

Defendant-Appellant.

No. 08-6051
(D.C. No. 5:07-CR-00043-M-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Defendant Christopher S. Snider pled guilty to aiding and abetting the

possession of stolen firearms in violation of 18 U.S.C. § 922(j). As part of the

plea agreement, Snider waived his right to "[a]ppeal or collaterally challenge his

guilty plea, sentence and restitution imposed, and any other aspect of his

conviction." Plea Agmt. at 6-7. Mr. Snider "d[id] not waive the right to appeal a

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentence above the advisory sentencing guideline range determined by the Court to apply to this case." *Id.* at 7.

Before Mr. Snider was sentenced, he filed a motion to withdraw his guilty plea. The district court held a hearing and eventually denied the motion. Mr. Snider was then sentenced to the statutory maximum of 120 months' imprisonment, a term below the advisory guideline range. Sentencing Tr., Ex. 6 at 7-8, 134.

Despite the waiver of his right to appeal, Mr. Snider filed a notice of appeal in the district court. The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). For the reasons explained below, we grant the motion and dismiss the appeal.

In *Hahn*, we held that a waiver of appellate rights will be enforced if: (1) "the disputed appeal falls within the scope of the waiver of appellate rights; (2) [] the defendant knowingly and voluntarily waived his appellate rights; and (3) [] enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. Mr. Snider does not contend that his appeal is beyond the scope of the waiver of appellate rights. He does argue, however, that he did not knowingly and voluntarily waive those rights and that enforcing the plea agreement would result in a miscarriage of justice.[1]

---

[1] Mr. Snider also lists as a separate issue his contention that the plea agreement is unenforceable because he "may not have been legally competent
(continued...)

Specifically with regard to the first ground, Mr. Snider acknowledges that the petition to enter the plea recited that the waivers were made voluntarily and that he testified at the change of plea hearing that his plea of guilty was "voluntary and completely of [his] own choice." Resp. to Mot. to Enforce at 2 (quotation omitted). Despite this concession, Mr. Snider contends that his waiver of appellate rights was not knowing and voluntary because he felt coerced into signing the agreement. This argument fails because Mr. Snider offers no factual support for his theory that coercion rendered his plea involuntary, an issue upon which he has the burden of proof, *see United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

Mr. Snider also argues that enforcing his plea agreement would result in a miscarriage of justice due to ineffective assistance of counsel both at the plea stage and when he attempted to withdraw his plea. But "[w]ith rare exception, a defendant must raise ineffective assistance of counsel claims in a collateral proceeding, not on direct appeal." *United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003). The fact that two *ex parte* petitions for mental examination were summarily denied does not change our opinion that Mr. Snider has advanced

[1](...continued)
when he executed the waiver of appellate rights." Resp. to Mot. to Enforce at 3. We will consider this point an argument in support of the "knowing and voluntary" and "miscarriage of justice" grounds.

no evidence that his plea agreement was not knowing and voluntary or that enforcing the agreement would result in a miscarriage of justice.

The government's motion to enforce the plea agreement is GRANTED, and this appeal is DISMISSED.

ENTERED FOR THE COURT

PER CURIAM