FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

CHRISTOPHER S. SNIDER,

 Defendant-Appellant.

No. 12-6114
(D.C. Nos. 5:09-CV-00671-M &
5:07-CR-00043-M-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Christopher S. Snider, proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Snider pleaded guilty in the United States District Court for the Western District of Oklahoma to aiding and abetting the possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 2(a). As part of his plea agreement, Mr.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Snider is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Snider waived his right to "[a]ppeal or *collaterally challenge* his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." R., Vol. 1, Part 1, at 56 (Plea Agreement, dated Aug. 14, 2007) (emphasis added). Mr. Snider, however, specifically preserved his right to appeal a sentence above the applicable United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range. The district court dismissed Mr. Snider's § 2255 motion as barred by his plea-agreement waiver of the right to bring collateral challenges (that is, his collateral-attack waiver). Exercising jurisdiction under 28 U.S.C. § 1291, we **deny** Mr. Snider's application for a COA and **dismiss** this matter.

## I

The district court sentenced Mr. Snider to 120 months' imprisonment, a term below the Guidelines range, for his firearms offense. Despite the waiver of his right to appeal, Mr. Snider filed a notice of appeal (No. 08-6051). The government moved to enforce the appeal waiver contained in the plea agreement, pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We concluded that Mr. Snider had not met his burden of showing that he felt so coerced into signing the plea agreement that coercion rendered his plea involuntary, and that Mr. Snider's ineffective assistance of counsel claims should be raised (if at all) in a collateral proceeding rather than on direct appeal. *See United States v. Snider*, 285 F. App'x 525, 526–27 (10th Cir. 2008). We granted

the government's motion to enforce the plea agreement and dismissed Mr. Snider's appeal. *See id.* at 527.

Mr. Snider filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in district court. Following a series of proceedings relating to Mr. Snider's mental condition, which are not directly relevant to our current disposition, the district court acknowledged Mr. Snider's stipulation of competency to participate in post-conviction litigation and, in fact, found that he was competent to do so. The district court then dismissed Mr. Snider's § 2255 motion as barred by his plea agreement's collateral-attack waiver. Mr. Snider now seeks a COA to challenge this dismissal.

## II

A COA is a jurisdictional prerequisite to our review of the merits of a § 2255 appeal. *See* 28 U.S.C. § 2253(c)(1)(B); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Clark*, 468 F.3d at 713. An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues

presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

When the district court denies relief "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Gonzalez*, 132 S. Ct. at 648. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [applicant] should be allowed to proceed further." *Woodward*, 693 F.3d at 1292 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

## III

Mr. Snider requests relief on the following grounds: (1) the government violated his due process rights by withholding exculpatory evidence; (2) his trial counsel rendered ineffective assistance by not reviewing his Presentence Investigation Report with him; (3) the government breached the plea agreement by not supporting a downward adjustment under U.S.S.G. § 3E1.1 based upon his acceptance of responsibility and his acceptance of the plea agreement's terms by

the deadline that the agreement established; (4) the district court improperly enhanced his sentence for playing a leadership role in the relevant conduct; and (5) the district court violated his constitutional rights in finding that a two-point enhancement was warranted due to obstruction of justice.

Pursuant to the analytic framework that the Supreme Court established, most notably in *Miller-El* and *Slack*, we have carefully reviewed Mr. Snider's combined opening brief and application for COA and the record, including the district court's order denying Mr. Snider's § 2255 motion. Based upon this review, we conclude that Mr. Snider is not entitled to a COA on any of his claims because reasonable jurists would not debate the correctness of the district court's decision to deny Mr. Snider relief on procedural grounds. The district court thoughtfully applied the principles that we established in *Hahn* and *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), for assessing the legal validity of a plea agreement collateral-attack waiver and correctly concluded that Mr. Snider's § 2255 motion was barred by his collateral-attack waiver. Accordingly, because the district court was correct to invoke the procedural bar of the collateral-attack waiver to dispose of the case, Mr. Snider cannot demonstrate that the issues he has presented are adequate to deserve encouragement to proceed further.

We do pause briefly, however, to explicate our rationale regarding Mr. Snider's claim that the government breached the plea agreement by not endorsing

a downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. It is true that "an appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement." *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008). However, Mr. Snider did not raise his claim of government plea-agreement breach on direct appeal.[2] And we conclude that this claim does not affect our conclusion that the district court correctly found that Mr. Snider's § 2255 motion cannot go forward because of his collateral-attack waiver.

Specifically, "[§] 2255 is not available to test the legality of matters which should have been raised on appeal," *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (quoting *United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1992)) (internal quotation marks omitted); *see also United States v. Frady*, 456 U.S. 152, 165 (1982), such as Mr. Snider's claim of government plea-agreement breach. To overcome this procedural bar, Mr. Snider must show cause for his failure to present the claim on direct appeal and prejudice resulting therefrom, or that a fundamental defect occurred that inherently resulted in a complete miscarriage of justice. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir.

---

[2] Mr. Snider did not file a brief on direct appeal. The government's motion to enforce the plea agreement automatically suspended the briefing schedule. *See* 10th Cir. R. 27.2(C). Nonetheless, Mr. Snider's docketing statement indicates that he did not intend to allege as an appellate issue the government's purported breach of the plea agreement.

1993); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"); *Frady*, 456 U.S. at 167–68 (applying the cause and prejudice standard where the petitioner's § 2255 motion alleged trial errors that had not been objected to at trial nor challenged on appeal).

Mr. Snider presents no cause for his failure to assert his claim of government plea-agreement breach on direct appeal. He simply re-asserts his argument that the plea agreement was breached. Nor has Mr. Snider shown prejudice or a fundamental defect that resulted in a complete miscarriage of justice. Accordingly, Mr. Snider's claim that the government breached the plea agreement does not alter our conclusion that reasonable jurists would not debate the correctness of the district court's determination that his § 2255 motion is barred by the plea agreement's collateral-attack waiver.

## IV

For the foregoing reasons, we **deny** Mr. Snider's request for a COA and **dismiss** this matter.[3]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[3] Our clerk's office construed Mr. Snider's filing of July 16, 2012 as a motion to supplement the record with the affidavit of a law enforcement agent. In light of our disposition of this matter, we **deny** that motion as moot.