**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA ANTONIO McCLENDON,

    Defendant - Appellant.

No. 16-6323
(D.C. Nos. 5:16-CV-00446-F and
5:13-CR-00117-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Joshua McClendon seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

McClendon pled guilty to bank robbery in federal court pursuant to a plea agreement. Under that agreement, McClendon waived his right to "collaterally challenge . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply in this case." McClendon's presentence investigation report ("PSR") recommended that he be sentenced as a

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

career offender under U.S.S.G. § 4B1.2 and proposed a Guidelines range of 188 to 235 months. The district court adopted the PSR and imposed a sentence of 192 months.

McClendon filed a § 2255 motion arguing that he was entitled to relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). The government moved to enforce the plea agreement's collateral attack waiver. After ordering McClendon to respond, the district court granted the motion to enforce, dismissed McClendon's § 2255 motion, and denied a COA. McClendon now seeks a COA from this court.

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). If a district court dismisses a § 2255 motion on procedural grounds, a prisoner can meet this standard only by showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also United States v. Snider, 504 F. App'x 674, 677 (10th Cir. 2012) (unpublished) (enforcement of a collateral attack waiver constitutes a procedural ruling).

We do not need to consider whether the district court's procedural ruling is debatable because McClendon's substantive claim necessarily fails. In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court held that Johnson does not

2

apply to sentences imposed under U.S.S.G. § 4B1.2 because the Guidelines are not subject to vagueness challenges.  <u>Beckles</u>, 137 S. Ct. at 890.  Accordingly, McClendon cannot prevail on the sole claim he asserted in his § 2255 motion.

We **DENY** a COA and **DISMISS** the appeal.  McClendon's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge