FILED
United States Court of Appeals
Tenth Circuit

December 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUGENE T. FOUST,

 Petitioner - Appellant,

 v.

JUSTIN JONES; WALTER MCNEIL,

 Respondents - Appellees.

No. 12-5111

(N.D. Okla.)

(D.C. No. 4:10-CV-00353-JHP-FHM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Defendant Eugene T. Foust, proceeding pro se, filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. The district court dismissed the application as untimely. Defendant seeks a certificate of appealability (COA) from this court to appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of a § 2254 application). We deny a COA and dismiss the appeal.

After pleading *nolo contendere* on October 21, 1993, Defendant was convicted of lewd molestation in Tulsa County District Court. Almost 17 years later, on June 1, 2010, he filed his § 2254 application raising 17 grounds for

relief.[1]  The district court ordered Defendant to explain why his petition should

_____

[1] Those grounds are:  (1) he had been "denied an adequate state corrective judicial process for the hearing and adjudicating of his constitutional claims in violation of due process of law," R., Vol. 2 at 2; (2) "the one year statute of limitations in 28 U.S.C. § 2254 is tolled because of the petitioner's claim of actual innocence, which was obtained after the petitioner's plea took place," *id.* at 9; (3) "the Oklahoma trial court lacked subject matter and personal jurisdiction to convict the petitioner because he was subjected to double jeopardy, in violation of Amendment V, U.S. Constitution," *id.* at 12; (4) "the State of Oklahoma is refusing to hold the petitioner's pleadings to the liberality that they are entitled to by use of the Oklahoma waiver rule to procedurally bar the petitioner from receiving a ruling on his constitutional claims, in violation of due process of law," *id.* at 15; (5) "the Oklahoma courts lacked subject matter and personal jurisdiction to conduct the jury trial of February 1–2, 1988, of which was due to the petitioner's being given a constitutionally inadequate preliminary hearing, in violation of Art. II, § 17, Okl Const as well as Amendments V, VI, and XIV, U.S. Const. and Am. II §§ 6, 7 and 20, Okl Const," *id.* at 18; (6) "the state committed prosecutorial misconduct in CRF-87-3767, thereby denying the petitioner due process and equal protection," *id.* at 25; (7) "the petitioner was denied of the assistance of counsel during his trial and re-trial in CRF-87-3767 due to defense counsel's having a 'conflict of interest,' thereby depriving the court of subject matter and personal jurisdiction," *id.* at 29; (8) his "judgment and sentence is 'null and void in toto ab initio' for lack of jurisdiction, where the Oklahoma trial court lacked subject matter and personal jurisdiction to proceed to conviction in light of the petitioner's continued insanity/incompetency in violation of due process of law," *id.* at 38; (9) he "was deprived of his basic constitutional rights to a jury verdict of every material element of the offense when the trial court failed to instruct the jury on specific intent, in violation of due process of law," *id.* at 44; (10) he "was deprived of his basic constitutional right to a jury verdict; and thus, was denied due process and equal protection, due to the constitutionally deficient reasonable doubt and presumption of innocence jury instructions," *id.* at 46; (11) he "was deprived of his right to the assistance of counsel on his direct appeal, due to the trial and appellate court's refusal to appoint 'conflict free' counsel," *id.* at 47; (12) "the OCCA denied and deprived the petitioner due process and equal protection, when it reversed and remanded this cause of action for a new trial, when it did not have the jurisdictional authority to do so; thereby, subjecting the petitioner to double jeopardy," *id.* at 51; (13) he "has exhausted all of his state court remedies that are available to him, as required by 28 U.S.C. § 2254," *id.* at 54; (14) "the evidence presented in his first jury trial was

(continued...)

-2-

not be dismissed as untimely. After Defendant responded, the court dismissed Defendant's appeal as time-barred by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See id.* § 2244(d). The court reasoned that because Defendant did not file a timely appeal of his state-court conviction, the conviction became final on October 31, 1993, ten days after his conviction. *See* Okla. R. Crim. App. 4.1 (1993) (to appeal a conviction on a plea of guilty or *nolo contendere*, the defendant must file an application to withdraw the plea within ten days from the pronouncement of the judgment and sentence). This was before AEDPA's effective date, so he had one year from April 24, 1996, to file a § 2254 application. *See* 28 U.S.C. § 2244(d); *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012). Thus, said the court, Defendant's application would be untimely unless the limitations period had been tolled.

The district court concluded that there was no ground for tolling. Although it acknowledged that postconviction proceedings can be the basis for tolling under 28 U.S.C. § 2244(d)(2), it pointed out that Defendant's postconviction applications were filed either before or after the grace period. The court also

---

[1](...continued)
insufficient to support the conviction in violation of due process of law," *id.* at 55; (15) "the plea of nolo contendre entered on October 21, 1993 was the product of coersement [sic] due to trial counsel's refusal to defend the case, thereby denying him of the right to counsel, in violation of due process of law," *id.* at 57; (16) "the state failed to produce evidence that would exculpate him, in violation of *Brady v. Maryland*, 83 S. Ct. 1194 (1963)," *id.* at 59; and (17) he "is entitled to an evidentiary hearing on the merits of his constitutional claims, since the state courts failed to grant him an evidentiary hearing," *id.* at 61.

recognized that Defendant had submitted two unnotarized affidavits, which he asserted to be newly discovered evidence of his innocence. The affidavits might extend the time for filing a § 2254 application on the ground of newly discovered evidence, *see* 28 U.S.C. § 2244(d)(1)(D), or might overcome the timeliness bar by showing actual innocence, *see Lopez v. Trani*, 628 F.3d 1228, 1230–31 (10th Cir. 2010). But the district court found the affidavits suspect and not "reliable evidence." R., Vol. 1 at 36 (internal quotation marks omitted). They therefore could not assist Defendant on either theory. Finally, the court was not persuaded that Defendant's mental-health evidence could justify equitable tolling.

Defendant is entitled to a COA only if he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When, as here, a district court resolves the application on procedural grounds, the applicant's burden is even greater; he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Defendant's COA application challenges the district court's decision to raise the timeliness issue sua sponte and asserts that the state forfeited a timeliness defense by never responding to the § 2254 application. In our view, however, the district court's actions were totally proper. It proceeded correctly by notifying Defendant that there appeared to be a timeliness problem and affording him an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). And the government did not waive timeliness by "deliberately steer[ing]" the court "away from the question and towards the merits." *Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012). As for the merits of the district court's timeliness ruling, Defendant challenges only the rejection of his claims based on his mental competency and the purported affidavits. The challenges are not well-taken. No reasonable jurist would dispute that the district court correctly determined that Defendant's application was untimely.

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-5-