FILED
United States Court of Appeals
Tenth Circuit

February 11, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DERICK EUGENE CORDOVA,

      Defendant-Appellant.

No. 12-8028
(D.C. Nos. 2:10-CV-00238-CAB &
1:08-CR-00164-CAB-1)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Defendant-Appellant Derik Eugene Cordova, proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Mr. Cordova has also filed a motion to proceed *in forma pauperis* on appeal.

Having thoroughly reviewed the relevant law and the record, we **deny** Mr.

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. Cordova is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Cordova's application for a COA, **deny** his request to proceed *in forma pauperis*, and **dismiss** this matter.

**I**

Mr. Cordova pleaded guilty in the United States District Court for the District of Wyoming, without a plea agreement, to conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. He was sentenced to 216 months' imprisonment. On direct appeal, Mr. Cordova argued that his guilty plea was involuntary, that his trial counsel was ineffective, and that his sentence was procedurally unreasonable. *See United States v. Cordova*, 350 F. App'x 285, 287 (10th Cir. 2009). We affirmed Mr. Cordova's conviction and sentence, declining to address the ineffective assistance of counsel claim "[b]ecause further development of the record and an opinion by the district court would be helpful to our review." *Id.* at 290.

Mr. Cordova then sought § 2255 relief on the following grounds: ineffective assistance of counsel; involuntariness of his guilty plea; prosecutorial misconduct; the district court's lack of jurisdiction over his criminal case; and recent changes in the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") that would require a reduction of his sentence. The district court denied Mr. Cordova's § 2255 motion on all grounds and denied him a COA. Mr. Cordova seeks to appeal that decision.

## II

A COA is a jurisdictional prerequisite to our review of the merits of a § 2255 appeal. *See* 28 U.S.C. § 2253(c)(1)(B); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Clark*, 468 F.3d at 713. An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

## III

Mr. Cordova now seeks a COA from our court based on his counsel's alleged ineffective assistance for counseling him to reject the plea agreement offered by the government and for not more effectively arguing that his Presentence Investigation Report materially overstated the real significance of his prior criminal history.

Under the framework that the Supreme Court set out in *Miller-El*, we have carefully reviewed Mr. Cordova's combined opening brief and application for COA as well as the record,[2] including the district court's thorough order denying Mr. Cordova's § 2255 motion. Based upon this review, we conclude that Mr. Cordova is not entitled to a COA on his claim because he has not made a substantial showing of the denial of a constitutional right. For substantially the same reasons articulated by the district court, reasonable jurists could not debate whether his § 2255 motion should have been resolved in a different manner, and the issue that he seeks to raise on appeal is not adequate to deserve encouragement to proceed further.

Mr. Cordova also seeks to proceed *in forma pauperis*. However, he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted). Therefore, we decline to grant this relief.

## IV

For the foregoing reasons, we **deny** Mr. Cordova's request for a COA,

---

[2]     We have received and given due consideration to Mr. Cordova's Supplemental Addendum.

**deny** his motion to proceed *in forma pauperis*, and **dismiss** this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge