**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONNIE MAX DANIEL,

      Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

      Respondent-Appellee.

No. 12-6119
(D.C. No. 5:12-CV-00309-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Donnie Max Daniel, an Oklahoma state prisoner

proceeding pro se,[1] seeks a certificate of appealability ("COA") pursuant to 28

U.S.C. § 2253(c)(1) to appeal from the district court's dismissal of his petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We **deny** Mr. Daniel's

application for a COA and **dismiss** this matter.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]     Because Mr. Daniel is proceeding pro se, we review his pleadings and filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

**I**

Mr. Daniel was convicted in 1997 in the District Court of McClain County, Oklahoma, Case No. CF-1995-339, for trafficking of controlled dangerous substances after former conviction of two or more drug-related felonies (Count One); possession of a controlled dangerous substance with intent to distribute after former conviction of two or more drug-related felonies (Count Two); and possession of a controlled dangerous substance with intent to distribute after former conviction of two or more drug-related felonies (Count Three). He was sentenced to life imprisonment without the possibility of parole and fined $25,000 for Count One; a ten-year term of imprisonment and a $10,000 fine for Count Two; and life imprisonment and a $10,000 fine for Count Three.

On direct appeal, the Oklahoma Court of Criminal Appeals affirmed the convictions in Counts One and Three, and reversed the conviction in Count Two with instructions to the trial court to dismiss this count. On February 23, 2000, Mr. Daniel filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. The district court denied Mr. Daniel's § 2254 petition on May 21, 2002, and Mr. Daniel did not appeal that denial. *See Daniel v. Ward*, Case No. CIV-00-381-M (W.D. Okla. May 21, 2002).

Mr. Daniel then filed in the district court the instant petition for habeas relief on March 22, 2012, asserting that he was entitled to bring the action under 28 U.S.C. § 2241 because his remedy under 28 U.S.C. § 2254 was inadequate and

ineffective. The district court assigned the case to a magistrate judge for consideration. On March 27, 2012, the magistrate judge issued a report and recommendation ("R&R"), concluding that Mr. Daniel's § 2241 petition was properly construed as a petition for a writ of habeas corpus pursuant to § 2254; that, as such, it was an unauthorized second or successive § 2254 petition that the district court lacked jurisdiction to adjudicate; and that it was not in the interest of justice to transfer the petition to our court because the petition was time-barred pursuant to 28 U.S.C. § 2244(d)(1).

Mr. Daniel filed objections to the R&R on April 18, 2012. On April 30, 2012, the district court adopted the R&R, construed Mr. Daniel's § 2241 petition as a petition for a writ of habeas corpus pursuant to § 2254, and dismissed the petition for lack of jurisdiction. Mr. Daniel seeks to challenge on appeal the district court's construction of his action as being one brought under § 2254, and its dismissal of the action for lack of jurisdiction.

**II**

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th

Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Clark*, 468 F.3d at 713. An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

When the district court denies relief "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Gonzalez*, 132 S. Ct. at 648. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [applicant] should be allowed to proceed further." *Woodward*, 693 F.3d at 1292 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

### III

"Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition in the district court, he must successfully apply to this court for an order

authorizing the district court to consider the petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization."). "Accordingly, when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631." *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). *Coleman* does not, however, impose a mandatory transfer rule—"[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Cline*, 531 F.3d at 1252.

Pursuant to the analytic framework that the Supreme Court established, most notably in *Miller-El* and *Slack*, we have carefully reviewed Mr. Daniel's combined opening brief and application for COA and the record, including the R&R that determined Mr. Daniel's petition should be dismissed for lack of jurisdiction. Based upon this review, we conclude that Mr. Daniel is not entitled to a COA because reasonable jurists would not debate the correctness of the district court's decision to deny Mr. Daniel relief on procedural grounds.

Mr. Daniel claims that it was erroneous for the district court to retitle his § 2241 petition as a petition brought under § 2254. Because his petition was properly titled under § 2241, says Mr. Daniel, the district court needed no authorization from our court in order for it to acquire jurisdiction over his petition. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . . It is not an additional, alternative, or supplemental remedy to [§ 2254]." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Daniel does not purport to challenge the execution of his sentence; rather, he challenges the validity of his sentence. Because § 2241 was not the appropriate avenue of relief for challenging the validity of Mr. Daniel's sentence, the district court properly construed Mr. Daniel's petition as one brought pursuant to § 2254. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)); *cf. Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The district court noted that Hamm's habeas petition should be construed as a § 2241 petition because he was challenging the execution of his sentence rather than the validity of his conviction. We agree and construe the § 2254 petition as a § 2241 petition.").

Having properly construed Mr. Daniel's petition as one brought pursuant to § 2254, the district court was correct to determine that there was no risk that a

meritorious claim would be lost absent a § 1631 transfer to our court because Mr. Daniel's petition was time-barred.[2] *See Cline*, 531 F.3d at 1252. Therefore, Mr. Daniel cannot demonstrate that the issues he has presented are adequate to deserve encouragement to proceed further.

**IV**

For the foregoing reasons, we **deny** Mr. Daniel's request for a COA and **dismiss** this matter.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

---

[2] Mr. Daniel asserts a variety of equitable tolling arguments as to why his petition is not time-barred. Because we find none of Mr. Daniel's equitable tolling arguments availing, there is no risk of losing a meritorious claim absent transfer because his petition would be time-barred under the one-year statute of limitations of 28 U.S.C. § 2244(d)(1).