**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRAVIS RASHAD BARNES,

      Petitioner-Appellant,

v.

WARDEN JOHN DAVIS, Warden;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 12-1371
(D.C. No. 1:11-CV-02760-REB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Travis Rashad Barnes, a prisoner in Colorado state custody, proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Barnes also seeks leave to proceed *in forma pauperis*. Having thoroughly reviewed the relevant law and the record, we **deny**

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Barnes is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Mr. Barnes's application for a COA, **deny** his request to proceed *in forma pauperis*, and **dismiss** this matter.

**I**

Mr. Barnes was convicted by a jury in Denver County District Court of two counts of first-degree murder. He was sentenced to two consecutive life terms in prison without parole. The Colorado Court of Appeals affirmed the judgment against Mr. Barnes on direct appeal. The Colorado Supreme Court denied certiorari.

Subsequently, Mr. Barnes filed a post-conviction motion in state trial court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, collaterally attacking the judgment against him. The trial court denied the motion, the Colorado Court of Appeals affirmed this denial, and the Colorado Supreme Court denied certiorari.

Mr. Barnes then filed a pro se Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his application, Mr. Barnes asserted three claims: (1) the trial court violated his Sixth Amendment confrontation rights by allowing the prosecution to present hearsay evidence without calling the out-of-court declarant as a witness; (2) trial counsel was ineffective for failing to object and renew his motion for a mistrial after the prosecution rested without calling the out-of-court declarant as a witness; and (3) direct appeal counsel was ineffective for failing to properly raise the Confrontation Clause claim on direct

appeal.

Each claim arises from the direct examination of Mr. Barnes's girlfriend at trial. Specifically, the prosecutor asked the girlfriend whether she recalled telling her friend that she was afraid that her boyfriend, Mr. Barnes, would break in through her window. *See* R. at 443–44 (Order on Appl. for Writ of Habeas Corpus, dated Sept. 6, 2012) (quoting the relevant colloquy between the prosecutor and Mr. Barnes's girlfriend). Mr. Barnes's trial counsel objected and moved for mistrial—notably, just once—arguing that the prosecutor was trying to introduce hearsay without having the friend testify;[2] the prosecutor responded that the questions were necessary to lay the foundation for impeaching the girlfriend's

---

[2]     In considering the viability of a Confrontation Clause claim, we note some lack of clarity as to whether a hearsay statement of Mr. Barnes's girlfriend was actually admitted into evidence, although it appears that only the prosecutor injected the statement in his examination of the girlfriend. *Compare* R. at 443 ("Q: Specifically, . . . do you recall telling [the friend], . . . , that night, that you were afraid of your boyfriend coming in the window?" (alterations in original)), *with id.* at 111–12 (Opening Br. of Def.-Aplt., filed Nov. 29, 2011) (referring to "improper prosecutorial questioning that elicited inadmissible [hearsay] evidence"). However, as noted *infra*, the Colorado Court of Appeals resolved the Confrontation Clause question on the basis of whether the statement was testimonial. Consequently, we also direct our focus to that question and need not definitively opine on whether the statement was actually hearsay and admitted into evidence. *See id.* at 448 ("[T]he Colorado Court of Appeals concluded that the prosecutor's reference to the girlfriend's statement did not violate the Confrontation Clause because it was not testimonial." (citation omitted) (internal quotation marks omitted)). *Cf. Littlejohn v. Trammell*, 704 F.3d 817, 838 (10th Cir. 2013) ("Despite his oblique references to the Confrontation Clause, Mr. Littlejohn does not actually claim that such a violation took place—only that the prosecutor's 'comments were *akin* to a violation of the Confrontation Clause.'" (quoting Aplt. Littlejohn's Opening Br. at 51)).

testimony with the friend's testimony, and the trial court overruled trial counsel's objection.

The State contended, and the district court agreed, that Mr. Barnes's first claim for relief was procedurally defaulted in the state courts—*viz.*, counsel on direct appeal did not raise the Confrontation Clause claim in his opening brief and instead raised the claim for the first time in the reply brief.[3] Nonetheless, because "[a] habeas petitioner may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment," *Banks v. Reynolds*, 54 F.3d 1508, 1514 (10th Cir. 1995), and because Mr. Barnes asserted in his third claim that his appellate counsel was ineffective, the district court determined that Mr. Barnes may be able to demonstrate cause for his procedural default of his first claim based on his allegations in his third claim.

However, the district court concluded, consistent with the Colorado Court of Appeals's holding, that Mr. Barnes's third claim failed on the merits—the admission of the alleged hearsay statement did not raise Confrontation Clause

---

[3] "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

- 4 -

concerns as it was non-testimonial,[4] and therefore, appellate counsel's failure to raise the issue on direct appeal did not result in constitutionally deficient performance. Because Mr. Barnes's ineffective assistance claim lacked merit, the district court concluded that Mr. Barnes had failed to establish cause for the procedural default of his Confrontation Clause claim.

The district court then proceeded to address the merits of Mr. Barnes's second claim, and concluded, as did the Colorado Court of Appeals, that trial counsel was not constitutionally ineffective for failing to renew a motion for mistrial after admission of the alleged hearsay statement—again, the statement was non-testimonial, and Mr. Barnes's girlfriend denied ever stating that she was afraid of Mr. Barnes, making it unlikely that the statement caused prejudice to Mr. Barnes. Accordingly, the district court dismissed Mr. Barnes's case with prejudice.

Mr. Barnes seeks to appeal from the district court's denial of his § 2254 petition.

---

[4] *See generally Crawford v. Washington*, 541 U.S. 36, 59 (2004) ("Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."); *United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010) (analyzing *Crawford* and its progeny with respect to the meaning of the term "testimonial").

**II**

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal.  *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right."  *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Clark*, 468 F.3d at 713.  An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further."  *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

When the district court denies relief "on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'"  *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Gonzalez*, 132 S. Ct. at 648.

Mr. Barnes seeks a COA from our court, alleging the following: (1) the district court erred by dismissing his case with prejudice based on its conclusion that his Confrontation Clause claim lacked merit; (2) the district court erred by concluding that the Confrontation Clause claim was procedurally defaulted; and (3) the district court misrepresented the facts of appellate counsel's deficient performance.

Pursuant to the analytic framework that the Supreme Court has established, most notably in *Miller-El* and *Slack*, we have carefully reviewed Mr. Barnes's combined opening brief and application for COA as well as the record, including the district court's thorough order denying Mr. Barnes's § 2254 petition. Based upon this review, we conclude that Mr. Barnes is not entitled to a COA on any of his claims because he has not made a substantial showing of the denial of a constitutional right. For substantially the same reasons articulated by the district court, reasonable jurists could not debate whether his § 2254 petition should have been resolved in a different manner, and the issues that Mr. Barnes seeks to raise on appeal are not adequate to deserve encouragement to proceed further.

Mr. Barnes also seeks to proceed *in forma pauperis*. However, he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809,

812 (10th Cir. 1997)) (internal quotation marks omitted).  Therefore, we decline to grant this relief.

## IV

For the foregoing reasons, we **deny** Mr. Barnes's request for a COA, **deny** his motion to proceed *in forma pauperis*, and **dismiss** this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge