FILED
United States Court of Appeals
Tenth Circuit

March 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TYRONE L. JOHNSON,

      Petitioner - Appellant,

v.

CHAD MILLER, Warden,

      Respondent - Appellee.

No. 13-5005
(D.C. No. 4:12-CV-00331-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Tyrone Johnson, an Oklahoma state prisoner proceeding pro se[1] and in forma pauperis, wants to appeal from the denial of his 28 U.S.C. § 2254 habeas petition which was dismissed as time-barred. The district court denied a requested certificate of appealability (COA). Because Johnson has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we also deny his renewed request for a COA.

---

[1] We liberally construe Johnson's pro se filings. *See Ledbetter v. City of Topeka*, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).

Johnson was convicted in 1993 on four counts of first-degree murder and sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on September 7, 1995. On November 10, 1997, he filed a petition for post-conviction relief in state court. The trial court denied the petition and the OCCA affirmed on February 10, 1998. On February 8, 1999, Johnson filed a § 2254 petition in federal court which he voluntarily dismissed a month later. Thirteen years later, on February 13, 2012, he filed a petition for post-conviction relief with the OCCA, which declined jurisdiction. He filed the present § 2254 petition on June 11, 2012.

Not surprisingly, the district court found the petition time-barred. It concluded Johnson's conviction became final on December 6, 1995, the date the ninety-day time period during which he could have, but did not file a petition for a writ of certiorari with the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until--following a decision by the state court of last resort--after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (quotation marks omitted). Because his conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), April 24, 1996, Johnson had until April 24, 1997, in which to file his federal habeas petition. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). He did not file before the critical date. The district court concluded Johnson's state petitions

for post-conviction relief did not toll the limitations period under 28 U.S.C. § 2244(d)(2) because they were not filed until after the limitations period had expired. *Id.* at 1142-43.

The court also concluded Johnson was not entitled to equitable tolling. Relevant here, it determined he had not substantiated his factual innocence claim and his alleged mental retardation did not equitably toll the limitations period because even if it constituted an extraordinary circumstance he had not shown diligence. *See Woodward v. Cline*, 693 F.3d 1289, 1294 (10th Cir.) (stating a petitioner who asserts actual innocence as grounds for equitable tolling "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found the prisoner guilty beyond a reasonable doubt") (quotation marks omitted), *cert. denied* 133 S. Ct. 669 (2012); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]quitable [tolling] is only available when an inmate *diligently pursues his claims* and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.") (emphasis added).

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's ruling rests on procedural grounds, Johnson must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Johnson does not contest the court's statute of limitations analysis other than to argue he is entitled to equitable tolling because he is factually innocent and a slow learner. Because no jurist of reason could reasonably debate the correctness of the district court's decision, we **DENY** the request for a COA and **DISMISS** this matter.[2]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[2] In the district court, Johnson made a conclusory reference to an intervening change in the law entitling him to equitable tolling. He expounds on that claim in his COA application where he relies on *Cooper v. Oklahoma*, 517 U.S. 348 (1996). In *Cooper*, the Supreme Court struck down Oklahoma's requirement for defendants to prove their incompetence by clear and convincing evidence because that standard impermissibly allowed a defendant to be tried even though it is more likely than not that he is incompetent. *Id.* at 350, 369. *Cooper* does not help him. It was decided in April 1996, prior to the expiration of the limitations period.