**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY CHAMBERS,

       Petitioner-Appellant,

v.

ANGEL MEDINA; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

       Respondents-Appellees.

No. 12-1429
(D.C. No. 1:12-CV-01808-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Ricky Chambers, a prisoner in Colorado state custody, proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Chambers also seeks leave to proceed *in forma pauperis*.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]     Because Mr. Chambers is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Having thoroughly reviewed the relevant law and the record, we **deny** Mr. Chambers's application for a COA, **deny** his request to proceed *in forma pauperis*, and **dismiss** this matter.

**I**

Mr. Chambers was convicted by a jury of second-degree kidnaping, two counts of second-degree assault, felony menacing, and tampering with physical evidence. The trial court merged the assault verdicts, and sentenced Mr. Chambers to a total term of 44.5 years' imprisonment.

Mr. Chambers's judgment was affirmed on direct appeal, and on August 18, 2008, the Colorado Supreme Court denied his petition for a writ of certiorari on direct appeal. Mr. Chambers then filed a motion for post-conviction relief in the trial court pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, asking the court to reduce his sentence. The trial court denied Mr. Chambers's Rule 35(b) motion, and Mr. Chambers did not appeal that denial.

Mr. Chambers then filed a post-conviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, and the trial court denied that motion. The Colorado Court of Appeals affirmed the trial court's denial of Mr. Chambers's Rule 35(c) motion, and the Colorado Supreme Court denied certiorari on his post-conviction Rule 35(c) proceedings.

Mr. Chambers then filed a § 2254 motion on July 11, 2012, asserting three claims for relief: (1) that his rights under the Fourteenth Amendment were

violated because there was insufficient evidence to support his conviction for second-degree kidnaping; (2) that his rights to due process and equal protection and the prohibition against double jeopardy were violated because the trial court permitted two convictions for second-degree assault; and (3) that his trial counsel was ineffective by failing to conduct an independent investigation and interview a witness who was present when Mr. Chambers committed the crimes for which he was convicted. The district court denied Mr. Chambers's § 2254 motion and dismissed the action as barred by the one-year limitations period in 28 U.S.C. § 2244(d).

Mr. Chambers seeks to appeal from the district court's denial of his § 2254 petition.

**II**

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Clark*, 468 F.3d at 713. An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

When the district court denies relief "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Gonzalez*, 132 S. Ct. at 648.

### III

Mr. Chambers seeks a COA from our court, alleging the same claims that he asserted before the district court. Pursuant to the analytic framework that the Supreme Court has established, most notably in *Miller-El* and *Slack*, we have carefully reviewed Mr. Chambers's combined opening brief and application for COA as well as the record, including the district court's order denying Mr. Chambers's § 2254 petition. Based upon this review, we conclude that Mr. Chambers is not entitled to a COA on any of his claims because he has not made a substantial showing of the denial of a constitutional right.

For substantially the same reason articulated by the district court—namely, that Mr. Chambers's action is barred by the one-year limitations period in § 2244(d)—reasonable jurists could not debate whether his § 2254 petition should have been resolved in a different manner, and the issues that Mr. Chambers seeks to raise on appeal are not adequate to deserve encouragement to proceed further.

Mr. Chambers also seeks to proceed *in forma pauperis*. However, he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted). Therefore, we decline to grant this relief.

## IV

For the foregoing reasons, we **deny** Mr. Chambers's request for a COA, **deny** his motion to proceed *in forma pauperis*, and **dismiss** this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

- 5 -