**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOJO HAMLIN,

       Petitioner - Appellant,

v.

ARISTEDES W. ZAVARAS; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

       Respondents - Appellees.

No. 12-1345
(D.C. No. 1:11-CV-01386-CMA)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner-Appellant JoJo Hamlin, a state prisoner proceeding pro se,[1] seeks

a certificate of appealability ("COA") to challenge the district court's denial of

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Hamlin

also requests leave to proceed *in forma pauperis* ("IFP"). Having thoroughly

---

[*]      This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]      Because Mr. Hamlin is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

reviewed the relevant law and the record, we **deny** Mr. Hamlin's request for a COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

## I

Following a jury trial, Mr. Hamlin was convicted of second-degree assault as a complicitor. On direct appeal, the Colorado Court of Appeals ("CCA") affirmed his conviction and sentence. The Colorado Supreme Court denied his petition for certiorari. Mr. Hamlin then filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). The trial court denied his motion, and the CCA affirmed. Again, the Colorado Supreme Court denied Mr. Hamlin's petition for certiorari. Mr. Hamlin filed another motion for post-conviction relief, this time pursuant to Colorado Rule of Criminal Procedure 35(a). The trial court denied his motion, and Mr. Hamlin failed to appeal.

Mr. Hamlin next sought relief in federal court, filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserted six claims in his petition: (1) the trial court erred by improperly applying Colo. Rev. Stat. § 18-1.3-406(1)(a) to his sentence; (2) the trial court erred in not granting a motion for mistrial or permitting evidence of an inconsistent statement made by a State witness; (3) the trial court erred in allowing him to be found guilty under a complicity theory; (4) the jury was required to make the factual determinations that increased his sentence above the statutory maximum; (5) the Colorado Department of Corrections misapplied his presentence confinement credit; and (6)

the complicity jury instruction given at trial was legally erroneous.

In two separate orders, the district court dismissed all of Mr. Hamlin's claims and denied him a COA. It determined that claim one was procedurally barred in part and failed on the merits in part; that claims two, three, and four were procedurally barred; that claim five was a challenge to the execution of his sentence and thus must be brought pursuant to 28 U.S.C. § 2241; and that claim six failed on the merits.

## II

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When the district court denies relief "on procedural grounds, the applicant

faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack*, 529 U.S. at 484). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [applicant] should be allowed to proceed further." *Woodward*, 693 F.3d at 1292 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

### III

Mr. Hamlin now seeks a COA from our court for two of the six claims he raised before the district court—*viz.*, claims one and four. Pursuant to the framework that the Supreme Court set out in *Miller-El* and *Slack*, we have carefully reviewed Mr. Hamlin's combined opening brief and application for COA as well as the record, including both of the district court's orders denying Mr. Hamlin habeas relief and a COA. Based upon this review, we conclude that Mr. Hamlin is not entitled to a COA on any of his claims because he has not made a substantial showing of the denial of a constitutional right. For substantially the same reasons articulated by the district court, reasonable jurists could not debate whether his § 2254 motion should have been resolved in a different manner, and the issues that he seeks to raise on appeal are not adequate to deserve

-4-

encouragement to proceed further.

Additionally, we deny Mr. Hamlin's motion to proceed IFP, as he has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999).

**IV**

Accordingly, we **deny** Mr. Hamlin's request for a COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge