FILED
United States Court of Appeals
Tenth Circuit

September 7, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID L. WOODWARD,

        Petitioner - Appellant,

v.

SAM CLINE, Warden, Hutchinson
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

        Respondents - Appellees.

No. 12-3114

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS***
**(D.C. NO. 5:11-CV-03102-SAC)**

---

David L. Woodward, pro se.

---

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

    *After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Applicant David Woodward, a Kansas state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of application). The district court dismissed the application as untimely. Applicant's principal argument is that the limitations period for filing the application has not yet expired because the state court has yet to rule on a postconviction discovery motion that he filed in 1994. Because we hold that a postconviction discovery motion does not toll the limitations period for filing a § 2254 application, we deny the application for a COA and dismiss the appeal.

## I.     BACKGROUND

In 1991 Applicant pleaded guilty in Kansas state court to kidnapping, two counts of sexual exploitation of a child, rape, indecent liberties with a child, and felony murder in connection with the killing of a five-year-old child and the sexual molestation of an eight-year-old child. *See State v. Woodward*, 202 P.3d 15, 17 (Kan. 2009). The Kansas Supreme Court affirmed Applicant's sentence on direct appeal on January 21, 1994. *See id.*

Soon thereafter, on April 4, 1994, Applicant filed a motion in state court requesting that DNA testing be conducted on hair samples in his case so that the results could be compared to the results of DNA tests of a man allegedly involved in the murder to which Applicant pleaded guilty. It is unclear whether the April 4

motion has ever been ruled upon. *See State v. Woodward*, 248 P.3d 280, 2011 WL 1002957, at *1 (Kan. Mar. 18, 2011) (unpublished).

On September 18, 1995, Applicant filed a motion in state district court for postconviction relief under Kan. Stat. Ann. § 60-1507 (1976), seeking withdrawal of his guilty pleas. The court denied the motion, and the Kansas Court of Appeals affirmed. On March 17, 1999, the Kansas Supreme Court denied review. *See Woodward v. State*, 975 P.2d 281, 281 n.24 (Kan. Jan. 8, 1999) (unpublished table decision).

Eight years later, on April 9, 2007, Applicant filed a § 2254 application in federal district court. But he later withdrew that application, returning instead to state court, where he filed on June 21 a motion to vacate his guilty plea and dismiss the indictment based on newly discovered evidence. On March 6, 2009, the Kansas Supreme Court affirmed the denial of the motion. *See Woodward*, 202 P.3d 15.

Two months later Applicant filed another motion in state district court, this time seeking a hearing on the results of DNA testing and vacation of his guilty plea, conviction, and indictment. The Kansas Supreme Court affirmed the denial of the motion, *see Woodward*, 248 P.3d 280, 2011 WL 1002957, and the United States Supreme Court denied Applicant's petition for a writ of certiorari on June 6, 2011. *See Woodward v. Kansas*, 131 S. Ct. 2972 (2011).

-3-

Meanwhile, on May 24, 2011, Applicant filed in the United States District Court for the District of Kansas the present § 2254 application. The application claimed (1) that the prosecution had charged Applicant in violation of an immunity agreement, suppressed exculpatory evidence, used false evidence, and violated the plea agreement; (2) that the state preliminary-hearing judge had relied on evidence not in the record; (3) that the state district judge had abused his discretion by failing to construe liberally his state postconviction motion and by denying him an evidentiary hearing on the motion; (4) that he was actually innocent of the crimes; (5) that his confession to the murder was coerced; (6) that his guilty pleas were not knowing and voluntary; (7) that his trial and appellate counsel rendered ineffective assistance; and (8) that Kan. Stat. Ann. § 21-2512 (2012), which authorizes postconviction motions for DNA testing in certain circumstances, is unconstitutional.

The district court dismissed the application as untimely because it was filed after the applicable one-year limitations period. *See* 28 U.S.C. § 2244(d)(1). It rejected Applicant's arguments that his claims were timely either because of equitable tolling or under the Supreme Court's decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009). Applicant then filed a motion asking the district court to reinstate the application, asserting that his § 2254 application was timely because no court had ever ruled on his April 1994 state-court motion

seeking DNA testing. The court denied the motion and denied Applicant's request for a COA.

In this court Applicant argues that his application is timely because (1) the limitations period has been tolled by his still-pending 1994 motion for DNA testing, (2) his showing of actual innocence entitles him to equitable tolling, (3) the limitations period did not begin until the Kansas Supreme Court affirmed the denial of his 2009 postconviction motion, and (4) the State waived its right to challenge the timeliness of his § 2254 application.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the application was denied by the district court on procedural grounds, the applicant must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

### A.    Timeliness of Applicant's § 2254 Application

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for filing a § 2254 application. *See* 28 U.S.C.

§ 2244(d)(1). Ordinarily, the limitations period begins to run on the latest of four possible dates. The most common date that starts the clock is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). As relevant here, a judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired (which is 90 days after the decision by the State's highest court). *See Fleming v. Evans*, 481 F.3d 1249, 1257–58 (10th Cir. 2007). If, however, the conviction became final before AEDPA's April 24, 1996, effective date, the one-year limitations period begins to run on that date. *See Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam). In addition, the statute tolls the limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Applicant's conviction and sentence, which was affirmed by the Kansas Supreme Court on January 21, 1994, became final on April 21, 1994. Because that event predated AEDPA, the limitations period for Applicant's claims started on April 24, 1996. The limitations period was tolled, however, while his 1995 state postconviction motion was pending. That tolling ended when the state supreme court denied review of the motion on March 17, 1999. Filed more than 11 years after the one-year limitations period expired on March 17, 2000,

-6-

Applicant's § 2254 application is clearly untimely absent some exceptional circumstance. We now turn to Applicant's three arguments that his § 2254 application was timely.

### 1. The 1994 Motion for DNA Evidence

Applicant argues that he is entitled to tolling under 28 U.S.C. § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." He contends that his 1994 state-court motion for DNA testing qualifies as a properly filed application for collateral review and that because no court has ruled on his motion, the one-year limitations period is still being tolled. Applicant may be correct that the motion is still pending. But we agree with the district court that his argument fails because the motion is not an application for collateral review.

The Supreme Court recently held that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 131 S. Ct. 1278, 1285 (2011). Although the 1994 motion appears to have been filed outside of the direct-review process, it did not call for a judicial reexamination of the judgment imposing Applicant's sentence. The motion asked that DNA testing be done on hair samples preserved in Applicant's case and that the results be provided to

-7-

him.[1]  According to the motion, Applicant believed that the samples would match another felon who was allegedly involved in the homicide for which Applicant was convicted.  Presumably, Applicant hoped that the DNA testing results would undermine the validity of his murder conviction.  But even though the motion made a passing reference to Kansas Statutes Annotated Chapter 60, which contains the rules governing habeas corpus proceedings, it contained no request that his conviction or sentence be reexamined.  It requested only information—the results of DNA testing.  In essence the motion was a request for discovery.

---

[1] The full body of the 1994 motion states:

MOTION FOR COMPARISON OF DNA EVIDENCE

Pursuant to KSA Chapter 60 and KSA 21-2511 comes now petitioner, David L. Woodward, and for cause setsforth [sic] as follows:
1. Evidence, fingerprints, hair and other materials were found relative to my alleged crime of felony murder.  NONE ever matched my materials submitted.
2. Material information has arisen that would compel prudent men to question & ask for the fingerprints and other DNA evidence herein to be compared against one felon known as Doil E. Lane.  Statements have come to light that Lane was involved in the homicide in question.
WHEREFORE, Petitioner prays that genetic markers—DNA—be made of hair samples preserved in evidence concerning case 91-CR-792, and such and all results of testing thereto be provided forthwith.  Petitioner also prays that the court appoints petitioner new and different counsel in this matter.

R., Vol. 1 at 91.

Because it did not call for reexamination of the judgment,[2] the motion did not toll AEDPA's limitations period.[3]

Our conclusion is supported by substantial authority. *Kholi* itself distinguished the motion to reduce sentence considered in that case (which tolled the limitations period) from a discovery motion, saying: "A motion to reduce sentence is unlike a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." 131 S. Ct. at 1286 n.4. And several sister circuits have ruled that a motion seeking discovery but not requesting relief from a judgment does not toll the AEDPA limitations period. The Eleventh Circuit rejected tolling based on proceedings quite similar to those here—a request under a Florida statute for DNA testing; it said that it is "well-settled that a discovery motion

---

[2] The motion also did not call for "reexamination of a . . . *claim*." *Kholi*, 131 S. Ct. at 1285 (emphasis added). When § 2244(d)(2) grants tolling based on an application for "review with respect to the pertinent judgment or claim," the type of claim to which it refers is one that can be raised in a § 2254 proceeding—that is, a claim that the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Tillema v. Long*, 253 F.3d 494, 500 n.7 (9th Cir. 2001) (noting that a challenge to the execution of a sentence could be a claim under § 2254 that is not a challenge to a judgment), *abrogated in part on other grounds by Pliler v. Ford*, 542 U.S. 225 (2004). The motion for DNA testing did not raise that type of claim.

[3] A few months after the DNA motion, Applicant filed a "Motion to Call Forth and Be Heard." We need not address it separately, because it appears to be essentially a request for action on the DNA motion and seeks no greater relief than that motion, just DNA testing and disclosure of the results.

does not" toll AEDPA's limitations period. *Brown v. Sec. for Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008); *see Price v. Pierce*, 617 F.3d 947, 952–54 (7th Cir. 2010) (following *Brown)*; *see also Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (state-court petition to obtain additional documents concerning the investigation of prisoner's offense "did not challenge [his] conviction" but instead "sought material he claimed might be of help in developing such a challenge"); *Ramirez v. Yates*, 571 F.3d 993, 999–1000 (9th Cir. 2009) (following *Hodge)*. *But cf. Hutson v. Quarterman*, 508 F.3d 236, 238–39 (5th Cir. 2007) (per curiam) (motion under Texas statute tolls limitations period because it requests not only DNA testing but also review of the judgment based on test results). This proposition does not create an impediment to federal review based on new DNA evidence. As *Brown* observed, "If such motions produce newly discovered exculpatory evidence, AEDPA grants the movant a year from that discovery, subject to tolling while related state collateral attacks are advanced, to challenge their conviction in federal habeas proceedings." 530 F.3d at 1338.

### 2.    Equitable Tolling

Applicant next argues that his application is timely because he is entitled to equitable tolling based on his claim of actual innocence. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). But we have "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case."

*Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (internal quotation marks omitted). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (internal quotation marks omitted). Although Applicant refers to alleged weaknesses in the evidence against him and points to affidavits by his sons that assert an alibi, it requires only a brief review of the preliminary-hearing evidence, including his confession, to see that he has failed to meet the demanding standard for establishing actual innocence. He is not entitled to equitable tolling.

### 3. *Jimenez v. Quarterman*

Applicant next argues that under the Supreme Court's decision in *Jimenez v. Quarterman*, 555 U.S. 113, his § 2254 application is timely because his conviction did not become final until March 2011, when his 2009 state-court motion to vacate his guilty plea was finally disposed of on appeal. The argument is clearly meritless. *Jimenez* held "that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of [28 U.S.C.] § 2244(d)(1)(A)." *Id.* at 121. Applicant, however, has not pointed to anything in the record indicating that he was granted the right to file an out-of-time direct appeal. To the contrary, the

-11-

Kansas Supreme Court sustained the dismissal of Applicant's 2009 motion as an abuse of the state's postconviction remedy under § 60-1507. *See Woodward*, 248 P.3d at *3, *4.

### B. Waiver

Applicant argues that the State waived its right to challenge the timeliness of his § 2254 application. The argument is frivolous. The State raised its timeliness defense in a timely motion to dismiss, its first pleading responding to the application. Contrary to Applicant's apparent belief, the district court never ordered the State to limit its response to the merits of his claims.

## III. CONCLUSION

No reasonable jurist could dispute the merits of the district court's decision. We DENY the application for a COA and DISMISS the appeal. We GRANT Applicant's motion to proceed *in forma pauperis*.