FILED
United States Court of Appeals
Tenth Circuit

December 10, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHH CIRCUIT

LATRAY LAMONT COLLINS,

Petitioner-Appellant,

v.

JUSTIN JONES,

Respondent-Appellee.

No. 12-6042
(D.C. No. 5:11-CV-00364-C)
(W.D. Okla.)

ORDER DENYING CERTIFICATE
OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Latray Lamont Collins, proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Mr. Collins

also moves to proceed *in forma pauperis*.  Exercising jurisdiction under 28 U.S.C.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]     Because Mr. Collins is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

§ 1291, we **deny** Mr. Collins's application for a COA and **dismiss** this matter. We **grant** Mr. Collins's motion to proceed *in forma pauperis*.

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Clark*, 468 F.3d at 713. An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

Following a jury trial, Mr. Collins was convicted of first-degree murder and sentenced to life imprisonment without the possibility of parole. Mr. Collins filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma, seeking relief on four grounds: (1) failure to give accomplice instructions to the jury deprived him of a fundamentally fair trial; (2) admission of testimony by Agent Rizzi about his interview with Garland

Mbaneme deprived him of a fundamentally fair trial; (3) he was denied his Sixth Amendment right to a fair and impartial jury; and (4) his trial counsel rendered ineffective assistance by failing to request accomplice instructions. The district court denied the petition. Mr. Collins seeks a COA to challenge that decision.

Pursuant to the analytic framework that the Supreme Court has established, most notably in *Miller-El*, we have carefully reviewed Mr. Collins's combined opening brief and application for COA and the record, including the district court's order that adopted in full the report and recommendation of a magistrate judge and, consequently, denied Mr. Collins's § 2254 petition. Based upon this review, we conclude that Mr. Collins is not entitled to a COA on any of his claims because reasonable jurists would not debate the correctness of the district court's decision. Furthermore, Mr. Collins has not demonstrated that the issues he has presented are adequate to deserve encouragement to proceed further.

For the foregoing reasons, we **deny** Mr. Collins's request for a COA and **dismiss** this matter. We **grant** his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge