FILED
United States Court of Appeals
Tenth Circuit

January 8, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KEENAN SCOTT FERRELL
WILLIAMS,

Petitioner - Appellant,

v.

JUSTIN JONES,

Respondent - Appellee.

No. 12-5047
(D.C. No. 4:08-CV-00446-GKF-TLW)
(N.D. Okla.)

---

ORDER DENYING CERTIFICATE
OF APPEALABILITY[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Keenan Scott Ferrell Williams, a state prisoner

proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the

district court's denial of his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. Having thoroughly reviewed the relevant law and the record, we

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. Williams is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

**deny** Mr. Williams's request for a COA and **dismiss** this matter.

## I

Following a jury trial, Mr. Williams was convicted of one count of second-degree burglary and one count of resisting an officer. He was sentenced to concurrent terms of imprisonment of fifty years and one year, respectively. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentences. Mr. Williams filed a pro se application for post-conviction relief in state court. The state trial court denied his application and the OCCA again affirmed. Mr. Williams then filed a petition for a writ of habeas corpus in the district court, asserting twelve grounds for relief, two of which were that his trial counsel provided ineffective assistance of counsel. The district court denied Mr. Williams's petition on all twelve grounds and denied him a COA. Notably, the district court found that Mr. Williams's ineffective-assistance-of-counsel claims that he had failed to raise before the OCCA on direct appeal were procedurally barred.

## II

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial

of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When the district court denies relief "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack*, 529 U.S. at 484). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [applicant] should be allowed to proceed further." *Woodward*, 693 F.3d at 1292 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

**III**

Mr. Williams now seeks a COA from our court for three of the twelve grounds he raised before the district court. First, he asserts that his trial counsel provided ineffective assistance for the following four reasons, none of which he

raised on direct appeal: (1) his counsel failed to argue that the State's witnesses made a faulty identification of him; (2) his counsel failed to provide certain documents and evidence to him; (3) his counsel had a conflict of interest with him; and (4) his counsel failed to make various objections during trial, impeach witnesses, admit certain evidence, call witnesses, and challenge the State's evidence.[2] Second, Mr. Williams contends that certain photographs were erroneously admitted into evidence at trial. And third, Mr. Williams asserts that the trial court erred in not giving a lesser-included offense instruction.

Pursuant to the framework that the Supreme Court set out in *Miller-El* and *Slack*, we have carefully reviewed Mr. Williams's combined opening brief and application for COA as well as the record, including the district court's thorough opinion denying Mr. Williams habeas relief and a COA. Based upon this review, we conclude that Mr. Williams is not entitled to a COA on any of his claims because he has not made a substantial showing of the denial of a constitutional right. For substantially the same reasons articulated by the district court, reasonable jurists could not debate whether his § 2254 motion should have been resolved in a different manner, and the issues that he seeks to raise on appeal are not adequate to deserve encouragement to proceed further.

---

[2] Before the district court, Mr. Williams also alleged that his trial counsel provided ineffective assistance by failing to argue that the evidence was insufficient to convict him and by failing to request a lesser-included offense instruction. He does not, however, reassert these arguments on appeal.

Accordingly, we **deny** Mr. Williams's request for a COA and **dismiss** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge