FILED
United States Court of Appeals
Tenth Circuit

March 22, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ARTHUR PAUL MARTIN,

      Petitioner-Appellant,

v.

TIMOTHY HATCH, Warden; GARY
K. KING, Attorney General for the
State of New Mexico,

      Respondents-Appellees.

No. 12-2136
(D.C. No. 6:10-CV-00746-RB-RHS)
(D.N.M.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Arthur Paul Martin, a prisoner in New Mexico state custody, proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having thoroughly reviewed the relevant law and the record, we **deny** Mr. Martin's application for a COA and **dismiss** this matter.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]     Because Mr. Martin is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

# I

Mr. Martin shot and killed Rodney Mackall in an apartment. At the time of the incident, Warren Ward was present in the apartment. In his statement to the police, Mr. Ward recounted that he saw Mr. Martin with a gun, that he was in the bedroom of the apartment when he heard an argument between Mr. Martin and Mr. Mackall, and that Mr. Martin shot Mr. Mackall. At trial, police officers testified to what they learned from Mr. Ward; however, Mr. Martin was unable to cross-examine Mr. Ward because he invoked his Fifth Amendment right not to testify. A police sergeant further testified that Mr. Martin admitted to shooting Mr. Mackall, allegedly in self-defense, with a .38 caliber revolver, which he admitted bringing to the apartment.

Mr. Martin was convicted of first-degree murder, armed robbery, tampering with evidence, and felon in possession of a firearm. On December 3, 2007, he was sentenced to life imprisonment for the murder conviction; nine years, plus a one-year firearm enhancement, for the armed robbery conviction; three years for the tampering with evidence conviction; and eighteen months for the felon in possession of a firearm conviction. The last two sentences were ordered to run concurrently with the armed robbery sentence, and the armed robbery sentence was ordered to run consecutively to the first-degree murder sentence, for a total period of life plus ten years' imprisonment. The New Mexico Supreme Court affirmed Mr. Martin's convictions on May 13, 2010.

On August 11, 2010, Mr. Martin filed a § 2254 petition for habeas relief in the District of New Mexico. Adopting the magistrate judge's Report and Recommendation ("R&R"), the district court denied Mr. Martin's habeas petition, dismissed the action with prejudice, and denied a COA. Mr. Martin seeks to appeal from the district court's denial of his § 2254 petition.

## II

A COA is a jurisdictional prerequisite to our review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 647–49 (2012) (discussing, *inter alia*, the "clear" jurisdictional language in § 2253(c)(1)). We will issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Clark*, 468 F.3d at 713. An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotation marks omitted).

## III

Mr. Martin seeks a COA from our court, alleging a violation of his Sixth Amendment right to confrontation with respect to Mr. Ward, insufficient evidence with respect to the first-degree murder and armed robbery charges, and ineffective assistance of counsel resulting in due process violations.

Under the framework that the Supreme Court set out in *Miller-El*, we have carefully reviewed Mr. Martin's combined opening brief and application for COA as well as the record—including the R&R that the district court adopted, which recommended that Mr. Martin's § 2254 petition be denied. Based upon this review, we conclude that Mr. Martin is not entitled to a COA on any of his claims because he has not made a substantial showing of the denial of a constitutional right. For substantially the same reasons articulated by the district court, reasonable jurists could not debate whether his § 2254 motion should have been resolved in a different manner, and the issues that Mr. Martin seeks to raise on appeal are not adequate to deserve encouragement to proceed further.

**IV**

For the foregoing reasons, we **deny** Mr. Martin's request for a COA and **dismiss** this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge