FILED
United States Court of Appeals
Tenth Circuit

June 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALAN LEWIS,

Petitioner - Appellant,

v.

RICK THALER, Custodian: Director
of Texas Department of Criminal
Justice; and THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 13-1125

D. Colorado

(D.C. No. 1:11-CV-02552-RBJ)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

Petitioner Alan Lewis, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his 28 U.S.C. § 2254 petition asserting that he had been denied due process regarding his rights under the Interstate Agreement on Detainers ("IADA"), and that his trial counsel had been ineffective. Finding that he has failed to meet the standard for the issuance of a COA, we deny Mr. Lewis a COA and dismiss this matter.

**BACKGROUND**

Mr. Lewis is currently incarcerated in Texas on charges unrelated to the convictions whose validity he challenges in the instant habeas proceeding. In particular, Mr. Lewis challenges his Morgan County, Colorado, convictions which relate to an incident in October 1999, when Mr. Lewis entered the home of an eighty-two-year-old woman on the pretense of wanting to purchase her home. While there, he attempted to sexually assault her, and he physically assaulted her when she resisted. On January 28, 2000, Mr. Lewis was charged in Morgan County with three charges of assault. At the time those charges were filed, Mr. Lewis was in fact in custody in Texas on different and unrelated charges, for which he was convicted in July 2002. He was also charged with crimes in an unrelated case in Mesa County, Colorado.

There began a series of communications and exchanges of information between Mr. Lewis and authorities in Morgan County, Mesa County and in Texas.

In September 2002, Mr. Lewis (while in Texas) wrote a letter to the Morgan County District Attorney inquiring about any charges pending against him in Morgan County. In October 2002, Mesa County authorities lodged a detainer against Mr. Lewis with  prison authorities in Texas. Because of that detainer, Mr. Lewis was transported from Texas to Mesa County. Before he was returned to Texas, Mr. Lewis was taken to Morgan County in January 2003 and advised of the charges against him there. In connection with this transfer from Mesa to Morgan County, the Morgan County Sheriff wrote a letter to the Morgan County prosecutor referencing a "detainer" dating from January 2000. As explained more fully below, the Colorado state courts determined that no such "detainer" existed at that time. Subsequently, in September 2003, after Mr. Lewis had been returned to Texas, Morgan County authorities lodged an actual detainer against him with the prison authorities in Texas.

Mr. Lewis then filed a request for disposition of the September 2003 detainer filed by Morgan County and he was returned to Morgan County in November 2003, where he remained until his trial there in September 2004. The delay between the issuance of the detainer in September 2003 and Mr. Lewis's trial in September 2004 was occasioned by a number of defense motions to continue the proceedings. Thus, as explained *infra,* there is no IADA problem with that time period.

Following a jury trial, Mr. Lewis was convicted in the Morgan County case of attempted first degree sexual assault of an at-risk adult by use of force, third degree sexual assault of an at-risk adult, and third degree assault of an at-risk adult. On direct appeal, the Colorado Court of Appeals affirmed the judgment of conviction but remanded for resentencing on the third degree sexual assault conviction. See People v. Lewis, No. 05CA0976 (Colo. Ct. App. Feb. 22, 2007) (unpublished) ("Lewis I"). The trial court then sentenced Mr. Lewis to concurrent prison terms of twenty years to life on the attempted first degree sexual assault conviction, twenty-four years to life on the third degree sexual assault conviction, and two years on the third degree assault convictions.

Following his direct appeal, Mr. Lewis filed two motions seeking post-conviction relief pursuant to Colo. R. Crim. P. 35(c) in the Morgan County case. On October 30, 2008, the trial court denied those motions without a hearing. That order was affirmed on appeal. People v. Lewis, No. 08CA2523 (Colo. Ct. App. Feb. 17, 2011) (unpublished) ("Lewis II"). On June 6, 2011, the Colorado Supreme Court denied Mr. Lewis's petition for a writ of certiorari.

Mr. Lewis subsequently filed the instant 28 U.S.C. § 2254 petition in district court, arguing two claims in connection with his Morgan County conviction: (1) he was denied due process and his rights under Article IV(c) and (e) of the IADA were violated; and (2) one of his trial attorneys, Stuart Crespin, was ineffective. Applying the appropriate standards under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), the district court denied Mr. Lewis relief on either claim and dismissed his case with prejudice. It also denied Mr. Lewis a COA because he had not made a substantial showing of the denial of a constitutional right. Mr. Lewis seeks a COA from our court to enable him to appeal that denial and dismissal.

**DISCUSSION**

"A COA is a prerequisite to appellate jurisdiction in a habeas action." Lockett v. Trammel, 711 F.3d 1218, 1230 (10th Cir. 2013). It may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected . . . constitutional claims on the[ir] merits," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a district court's ruling rests on procedural grounds, the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir. 2012).

AEDPA provides that when a claim has been adjudicated on the merits in a state court (as Mr. Lewis's Morgan County claims have been here), a federal

court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for [a] COA." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

## I. IADA

Mr. Lewis first claims his rights under the IADA were violated and he was subjected to a due process deprivation because, after being brought in January 2003 to Colorado from Texas and appearing in the Morgan County District Court to be advised of the charges against him, he was not brought to trial in a timely manner and was returned to Texas before the Morgan County charges were resolved.

The IADA is an interstate compact entered into by the compacting states with the consent of Congress. See Cuyler v. Adams, 449 U.S. 433, 438-42 (1981). It "creates uniform procedures for lodging and executing a detainer, *i.e.*, a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." Alabama v. Bozeman, 533

-6-

U.S. 146, 148 (2001).  The IADA is codified in Colorado at Colo. Rev. Stat.

§ 24-60-501.

Mr. Lewis claims two provisions in Article IV of the IADA were

violated—specifically, the speedy trial and the anti-shuffling provisions.  The

relevant speedy trial provision of the IADA (Article IV(c)) provides that:

> (c) in respect of any proceeding made possible by this article, trial
> shall be commenced within one hundred twenty days of the arrival of
> the prisoner in the receiving state, but for good cause shown in open
> court, the prisoner or his counsel being present, the court having
> jurisdiction of the matter may grant any necessary or reasonable
> continuance.

Colo. Rev. Stat. § 24-60-501 Article IV(c).  The anti-shuttling provision of

Article IV(e)  provides that:

> (e) if trial is not had on any indictment, information, or complaint
> contemplated hereby prior to the prisoner's being returned to the
> original place of imprisonment pursuant to article V(e) hereof, such
> indictment, information, or complaint shall not be of any further
> force or effect, and the court shall enter an order dismissing the same
> with prejudice.

Id.

Mr. Lewis argues that his right to a speedy trial under Article IV(c) was

triggered with respect to all Colorado charges, including the Morgan County

charges, when he was brought to Colorado by Mesa County authorities in

November 2002, or, at the very latest, when he appeared in the Morgan County

District Court in January 2003 to be advised of the Morgan County charges.  He

avers that the anti-shuttling provisions of Article IV(e) were violated because he

-7-

(Mr. Lewis) was returned to Texas prior to the resolution of the Morgan County charges in 2004. In support of this argument, Mr. Lewis asserts that authorities in Morgan County had issued a detainer under the IADA with respect to the Morgan County charges <u>before</u> he was brought to Colorado by Mesa County authorities in November 2002.

The trial court made extensive factual findings, and concomitant legal conclusions, regarding Mr. Lewis's IADA claims in <u>Lewis I</u>, which the district court below quoted in its decision. On appeal from the trial court's decision, the Colorado Court of Appeals in turn addressed those findings and conclusions, reasoning as follows:

> The record supports the trial court's findings and we agree with its conclusion. Because defendant was not serving a sentence in Texas until July 16, 2002, a detainer could not be lodged against him before that date. Although the sheriff's department's letter refers to a January 15, 2000 detainer, it is clear from the testimony at the hearing and the provisions of the IAD[A] that this letter was sent simply to inform the [Texas Department of Corrections] that an active arrest warrant existed in Morgan County and was not a detainer as contemplated under the IAD[A]. Moreover, an information in this case was not filed until January 28, 2000, after the sheriff department's notification to the Texas authorities. Thus, the letter does not constitute a detainer for the purposes of the IAD[A]. Since the sheriff's department letter does not constitute a detainer under the IAD[A], there was no detainer lodged against him from Morgan County when he appeared in that court. Accordingly, the anti-shuttling provisions in the IAD[A] were not violated by his appearance in court and his subsequent return to Texas. The trial court did not err in denying defendant's motion to dismiss the charges against him.

Order at 14 (quoting <u>Lewis I</u> at 6-7). After noting that those factual findings are entitled, under AEDPA, to a presumption of correctness, the district court explained why Mr. Lewis failed to rebut those findings. It then concluded:

> Because Mr. Lewis fails to overcome the presumption of correctness that attaches to these factual findings, the Court cannot conclude that the state court's adjudication of his IADA claim was "contrary to, or involved an unreasonable application of, clearly established federal law," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). In short, the absence of a detainer regarding the Morgan County charges at the time Mr. Lewis was brought to Colorado in November 2002 and when he appeared in the Morgan County District Court in January 2003 means the protections of the IADA were not triggered at that time and were not violated.

<u>Id.</u> at 15.

The district court correctly applied the AEDPA standards of review, and engaged in a complete and thorough analysis of Mr. Lewis's claims before denying his habeas petition. We cannot improve on that reasoning, and we therefore agree with the district court that, for substantially the reasons stated by the district court, Mr. Lewis has failed to establish that he is entitled to the issuance of a COA.[1]

---

[1]Mr. Lewis makes a vague argument that the IADA refers to "states" and, in this case, we have two "counties" in Colorado along with the State of Texas. He cites no specific authority for any particular allegation about this circumstance, so we do not address it.

**II. Ineffectiveness of Counsel**

Mr. Lewis's other claim is that one of his trial attorneys rendered him ineffective assistance.

To establish a claim of ineffective assistance of counsel, Mr. Lewis first had the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Strickland v. Washington, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness." Id. at 688. Second, Mr. Lewis had to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. These two prongs may be considered in any order and the satisfaction of either one is dispositive.

The district court carefully and thoroughly examined this issue. At its essence, the claim was that, although the attorney in question (Mr. Crespin) had filed a motion to dismiss the Morgan County charges in April 2004 based upon violations of the IADA and obtained a continuance to demonstrate those violations, Mr. Crespin failed to investigate and obtain evidence to support the IADA claim. After discussing questions of exhaustion, procedural default, law of the case and waiver, the district court determined that the affirmative defense of exhaustion of state remedies had not been waived with respect to the ineffective assistance of counsel claim. The court then addressed the defendant's argument

-10-

that the ineffective assistance of counsel claim was unexhausted and procedurally barred.

After carefully examining the law regarding exhaustion and the record in this case, the district court found that "Mr. Lewis did not fairly present to the state courts the particular ineffective assistance of counsel claim he is asserting in this action," and he therefore failed to exhaust his ineffectiveness claim. Order at 22. The court nonetheless concluded that the claim was procedurally defaulted. The court subsequently considered if Mr. Lewis had adequately demonstrated cause and prejudice or a fundamental miscarriage of justice which could excuse the procedural default of his ineffectiveness claim and found he had not. The court accordingly found the ineffective assistance of counsel claim procedurally barred and subject to dismissal.

Once again, we find the district court's analysis to be thorough, persuasive, and not subject to debate. Thus, for substantially the reasons stated by the district court, we conclude that Mr. Lewis has failed to meet the standards for issuance of a COA on his claim of ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Lewis a COA and DISMISS this matter.  We also DENY his request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge