FILED
United States Court of Appeals
Tenth Circuit

July 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ORLANDO ROLLIE,

          Petitioner - Appellant,

v.

FRANCES FALK, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

          Respondents - Appellees.

No. 13-1248
(D.C. No. 1:12-CV-02120-LTB)
D. Colorado

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

Petitioner and Colorado state prisoner, Michael Orlando Rollie, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his 28 U.S.C. § 2254 application for a writ of habeas corpus. His § 2254 application challenged the validity of his conviction in a Colorado state court case. Concluding that Mr. Rollie has failed to demonstrate that he is entitled to the issuance of a COA, we deny him a COA and dismiss this matter.

## BACKGROUND

As noted by the district court, the Colorado Court of Appeals summarized the lengthy state court proceedings in the relevant Colorado case (Boulder County district court case No. 96CR677) as follows:

> In November 1996, defendant was convicted on a jury verdict of first degree assault, third degree assault, menacing, reckless endangerment, prohibited use of a weapon (reckless discharge), and prohibited use of a weapon (possession under the influence).

> In April 1997, the trial court granted defendant's motion for a new trial based on the court's failure to instruct the jury on provocation. The order granting a new trial was affirmed on appeal. See People v. Rollie, (Colo. App. No. 97CA0850, May 7, 1998) (not published pursuant to C.A.R. 35(f)).

> In April 1999, defendant pleaded guilty to menacing, and, on June 4, 1999, the trial court sentenced him to thirty months in the custody of the Department of Corrections (DOC). Thereafter, the trial court granted defendant's motion for reconsideration of his sentence under Crim. P. 35(b), reducing his sentence to eighteen months in the custody of the DOC.

In March 2010, defendant filed a Crim. P. 35(c) motion, arguing that (1) his plea counsel was ineffective because he incorrectly advised him that, if he went to trial, there would be no possibility of an acquittal and a heat of passion instruction would only mitigate the conviction to a class five felony; and (2) the trial court failed to advise him of his constitutional rights and the elements of the crime to which he pled guilty. Defendant acknowledged that his motion was untimely but alleged there was justifiable excuse or excusable neglect because his counsel was ineffective and he did not know that his conviction was constitutionally infirm.

On June 18, 2010, the trial court denied defendant's motion as time barred, finding that defendant did not "allege facts which, if true, would establish justifiable excuse or excusable neglect" because "the ineffectiveness of his [plea] counsel [had] no bearing on the reasonableness of [his] delay in filing a post-conviction motion." The court further found that neither "the lack of any 'present need' to collaterally attack a prior conviction, nor the recent discovery of a legal basis for a collateral attack, constitute[d] justifiable excuse or excusable neglect."

On June 30, 2010, defendant filed a pro se "Petition for Crim. P. 35(c) Rehearing," requesting that the court reconsider its finding that there was no justifiable excuse or excusable neglect for the late filing of his Crim. P. 35(c) motion. Defendant alleged that, in a subsequent criminal case that arose in 2006 (2006 case), the trial court's "fail[ure] to litigate the constitutional admissibility" of his 1999 conviction gave him the present need to challenge the conviction under Crim. P. 35(c) and that he asked his defense counsel in the 2006 case to file a Crim P. 35(c) motion challenging the prior conviction but counsel did not do so.

On August 17, 2010, the trial court denied defendant's motion, again finding that defendant failed to establish justifiable excuse or excusable neglect because the allegations did not show why he could not have filed a postconviction motion within the three-year limitations period.

On October 13, 2010, defendant appealed the trial court's June 18, 2010, and August 17, 2010, orders, along with a request to accept

the notice of appeal as timely filed.  On November 12, 2010, the motions division of this court dismissed the appeal as to the June 18, 2010, order but accepted the notice of appeal as timely with regard to the August 17, 2010, order.

Order at 2-4 (quoting <u>People v. Rollie</u>, No. 10CA2111 (Colo. Ct. App. Dec. 22, 2011)).

The Colorado Court of Appeals then affirmed the trial court's denial of Mr. Rollie's petition for rehearing of the court order denying his postconviction motion under Colo. R. Crim. P. 35(c).  On May 29, 2012, the Colorado Supreme Court denied certiorari.

Mr. Rollie subsequently filed, on August 10, 2012, his original 28 U.S.C. § 2254 application (the instant application) in federal district court.  He filed an amended application on September 5, 2012.  In his amended application, Mr. Rollie asserted five claims, all relating to the 1996 Colorado state conviction, No. 96CR677, and described as follows by the district court:

(1)    The reinstatement of trial counsel after the trial court found counsel to be ineffective violated his Sixth and Fourteenth amendment rights to conflict-free counsel;

(2)    The trial court and trial counsel failed to advise him of his constitutional rights pursuant to Colo. R. Crim. P. 32(c) and Colo. R. Crim. P. 35(c), causing the conviction in No. 96CR677 to be constitutionally invalid;

(3)    "The defendant has a present need pursuant to the IV ABA Standards for Criminal Justice § 22.2-4 (2d ed. 1986) (ABA Standards), when the challenged conviction, 96CR677, was used against him and was a factor in sentencing in his Denver criminal case which is pending on appeal in 08CA391";

(4)    "When the defendant was not allowed an opportunity to ensure that the unconstitutional conviction, 96CR677, was not used

against him in his Denver criminal case which is pending on appeal in 08CA391, his due process of law right was violated";

(5)     "The Defendant's guilty plea to the menacing charge was not knowingly entered."

Order at 4 (quoting Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 at 5-13; R. Vol. 1 at 50-58).

On October 16, 2012, the magistrate judge to whom the matter had been referred directed the Respondents (the Warden and the Colorado Attorney General) to file a pre-answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents argued, first, that Mr. Rollie fails to meet the "in custody" requirement under § 2254(a) because the conviction he challenges (the 1996 conviction in case No. 96CR677) has expired, inasmuch as he has long since completed service of his sentence, and he fails to allege adequately any exception to that "in custody" requirement. They thus argued that the district court lacked jurisdiction to consider Mr. Rollie's § 2254 application. See Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004) ("The 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition."), abrogated on other grounds, Padilla v. Kentucky, 559 U.S. 356 (2010).

Second, they argued that Mr. Rollie's application was untimely under the one-year statute of limitations for habeas petitions, provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Finally, Respondents claimed that Mr. Rollie had failed to exhaust his claims by fairly presenting them to the Colorado state courts, and "any attempt to file a new motion [in state court] would be rejected as time barred, successive, and an abuse of process [and thus] are anticipatorily defaulted." Pre-Answer Response at 13-14; R. Vol. 1 at 86-87.[1]

The district court subsequently dismissed Mr. Rollie's § 2254 petition for lack of jurisdiction and as barred by the one-year limitation period in 28 U.S.C. § 2254(d). The court further determined that no COA would issue "because Applicant has not made a substantial showing of the denial of a constitutional right." Order at 12. Finally, the court denied leave to proceed *in forma pauperis* on appeal. As indicated, Mr. Rollie now seeks a COA from our court to enable him to appeal that order of dismissal.

## DISCUSSION

"A COA is a prerequisite to appellate jurisdiction in a habeas action." Lockett v. Trammel, 711 F.3d 1218, 1230 (10th Cir. 2013). It may issue "only if

---

[1]As we have stated, "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected . . . constitutional claims on the[ir] merits," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a district court's ruling rests on procedural grounds, the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir. 2012).

The district court carefully and thoroughly explained why Mr. Rollie's case must be dismissed. It explained why the court lacked jurisdiction to review Mr. Rollie's petition, and, moreover, why the application was time-barred. We cannot improve on the district court's explanation and analysis. Mr. Rollie has failed to develop any grounds for disagreeing or questioning that court's discussion, reasoning and holding. We therefore agree with the district court that, for substantially the reasons stated by the court in its order of dismissal, Mr. Rollie has failed to establish that he is entitled to the issuance of a COA.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Rollie a COA and DISMISS this matter.  We also DENY his request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge