FILED
United States Court of Appeals
Tenth Circuit

January 9, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BRUCE A. THOMPSON,

Petitioner-Appellant,

v.

STEVE HARTLEY, Warden;
JOHN SUTHERS, Attorney General of
the State of Colorado,

Respondents-Appellees.

No. 13-1493
(D. Colorado)
(D.C. No. 1:13-CV-02039-LTB)

---

**ORDER**

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

This habeas action is brought by Mr. Bruce Thompson, who was convicted in Colorado state court in 1997. Sixteen years later, he brought this action for habeas relief. Because of the delay, the federal district court denied habeas relief on the ground that it was barred by the statute of limitations. Disagreeing with this ruling, Mr. Thompson wants to appeal. To do so, however, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2006). This certificate was refused by the district court, prompting Mr. Thompson to ask us for one. This request is denied.

The certificate is permissible only if the district court's ruling on the statute of limitations was at least debatable. *See Woodward v. Cline*, 693 F.3d 1289, 1292

(10th Cir.) (stating that when the district court dismissed a habeas action on timeliness grounds, the court of appeals could grant a certificate of appealability only if the ruling was debatable), *cert. denied*, __ U.S. __, 133 S. Ct. 669 (2012). The ruling here is not debatable because the limitations period is only one year and Mr. Thompson waited much longer than that. *See* 28 U.S.C. § 2244(d)(1) (2006).

Ordinarily, the one-year period starts when the conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A) (2006). Exceptions exist, but none apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (2006). Thus, we begin by determining when Mr. Thompson's conviction became final. That date fell in 1997, when Mr. Thompson let the deadline expire for a direct appeal. *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 646 (2012) (holding "that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"); Colo. App. R. 4(b) (1995) (45-day period for an appeal). The one-year deadline ended in 1998, but he waited until 2007 before challenging the conviction in any court.

Mr. Thompson acknowledges that he waited beyond the one-year period. But, he contends that the one-year period did not start until 2012, when the Colorado Court of Appeals issued the mandate on an appeal involving denial of a motion for a sentence reduction. This contention is misguided. Under federal law, the limitations period starts when the conviction becomes final, not when the

2

state court decided a motion for a sentence reduction. *See* 28 U.S.C. § 2244(d)(1)(A) (2006).

Mr. Thompson also urges equitable tolling for 29 days because of lockdowns in 2012 and 2013. Ordinarily, we would decline to entertain this argument because Mr. Thompson did not allege equitable tolling when given the opportunity to reply to the Respondents' filing. *See Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (declining to address arguments for equitable tolling because they had not been "presented to the district court in response to the government's motion to dismiss"). But even if we were to entertain the argument, it would not help Mr. Thompson. Once the conviction became final, he waited ten years to seek relief in state court and sixteen years to seek relief in federal court. An extra 29 days would do little good for Mr. Thompson.

The habeas action is out-of-time, and the district court's ruling is not debatable. Thus, we decline to issue a certificate of appealability. And, in the absence of this certificate, we must dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3