FILED
United States Court of Appeals
Tenth Circuit

March 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GRANT MICHAEL NIXON,

    Petitioner - Appellant,

v.

WARDEN REX PRYOR,

    Respondent - Appellee.

No. 15-3011
(D.C. No. 5:14-CV-03130-SAC-DJW)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

Grant Michael Nixon, proceeding pro se,[1] is currently a state prisoner in Kansas,

having pled guilty to and been sentenced for criminal sodomy, indecent solicitation of a

child, and sexual exploitation of a child.  He filed for habeas relief under 28 U.S.C.

§ 2254 on July 24, 2014.  The district court dismissed the petition, explaining that (1) the

one-year statute of limitations to file had expired on January 26, 2013, *see* 28 U.S.C.

_____

    *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Nixon is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

§ 2244(d), and (2) Mr. Nixon failed to respond within the time allowed to the court's request to address timeliness. Mr. Nixon now seeks a certificate of appealability (COA) from this court.

Mr. Nixon may not appeal the district court's ruling without a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's decision to dismiss Mr. Nixon's petition as untimely filed rested on procedural grounds, he must "demonstrate both that [(1)] 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that [(2)] jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark*, 468 F.3d at 713 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

On July 28, 2014, the district court issued an order stating that it was "considering the dismissal of this matter unless the submissions of the parties demonstrate either that tolling occurred or that extraordinary circumstances exist which warrant equitable tolling." The respondent, Warden Pryor, was given until August 18, 2014, to respond regarding the petition's timeliness. Mr. Nixon was granted 20 days to respond after receipt of the Warden's reponse. Warden Pryor did not respond by the August 18, 2014 deadline. Mr. Nixon filed his response on September 3, 2014, within 20 days of Warden Pryor's deadline. On September 16, 2014, Warden Pryor moved for an extension of time to answer the July 28 order, which the court granted. Nixon opposed the motion to

extend, but only after the court had already granted the extension. On October 29, 2014, Warden Pryor finally filed his response to the court's July 28 order.

In his brief to this court, Mr. Nixon does not contest that the limitations period for his petition expired on January 26, 2013, almost six months before he filed. He argues that his response to the July 28, 2014 order was timely, and we agree. In that response, he correctly said a petition can avoid the one-year time bar by a showing of actual innocence. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010) (holding a sufficient showing of actual innocence can equitably toll the one-year limitations period for a § 2254 petition even when the actual innocence claim was not diligently pursued). But Mr. Nixon did not make a sufficient showing of actual innocence that would entitle him to equitable tolling.

With his September 3, 2014 response filed in district court, Mr. Nixon attached the following materials from his prosecution in state court: various witness statements (including his own), police reports, charging documents (including arrest affidavits), his attorney's entry of appearance, a custody slip, his motion for discovery, and the transcript from his sentencing. He further argues in his brief to this court that the prosecution and his attorney caused him to enter an involuntary plea.

We have reviewed these materials, find no support for his actual innocence claim, and conclude there was no basis for equitable tolling. *See Woodward v. Cline*, 693 F.3d 1289, 1294 (10th Cir. 2012). Reasonable jurists would not debate the correctness of the district court's dismissal of the petition as time-barred. Exercising jurisdiction under 28

U.S.C. § 1291, we deny COA and dismiss this matter.  We also deny Mr. Nixon's motion to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge