**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AUDREY LEE TENNYSON,

      Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director
CDOC; THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 17-1347
(D.C. No. 1:16-CV-02169-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Audrey Lee Tennyson seeks a certificate of appealability ("COA") to appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss

the appeal.

**I**

In February 2008, Tennyson pled guilty in Colorado state court to two counts of

aggravated robbery. He was sentenced to 26 years' imprisonment, to run concurrently

with his sentences for other Colorado convictions. Tennyson did not directly appeal his

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction or sentence. In September 2008, Tennyson filed a motion for sentence reduction. The state district court denied his motion, and he did not appeal the denial. In April 2009, he filed a motion to withdraw his guilty plea. The state district court corrected an error in his judgment of conviction but otherwise denied his motion. Once again, Tennyson did not appeal from the denial.

Tennyson later filed several state post-conviction challenges to his conviction. He filed a state post-conviction motion under Colo. R. Crim. P. 35(c) in 2011, another Rule 35(c) motion in 2014, and a state habeas petition, in 2015. The Colorado courts denied or dismissed each of these post-conviction motions or petitions, and the Colorado appellate courts affirmed the denial of relief.

On August 26, 2016, Tennyson filed a § 2254 petition in federal district court. The district court dismissed it as time-barred and denied a COA. Tennyson then filed a motion to alter, amend, or modify the judgment under Fed. R. Civ. P. 59(e), which the district court also denied. He filed a timely notice of appeal.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will issue a COA only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Tennyson's petition on procedural grounds, he must demonstrate that it is reasonably debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court's procedural ruling is correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**A**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period on petitions filed under § 2254. § 2244(d)(1). Tennyson's limitations period began to run on the date his judgment of conviction became final. § 2244(d)(1)(A). "[A] judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired (which is 90 days after the decision by the State's highest court)." Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir. 2012).

Tennyson did not directly appeal from his judgment of conviction, entered on June 3, 2008. It therefore became final when his time for seeking appellate review expired. § 2244(d)(1)(A).[1] At the time Tennyson was sentenced, Colorado law provided 45 days to file a direct appeal. Colo. R. App. P. 4(b) (2008). Accordingly, the one-year AEDPA limitation period began running on July 19, 2008.[2]

---

[1] In his application for a COA, Tennyson notes he "has since petitioned the State court for reinstatement of his direct review/appeal right" and indicates he has a state-court appeal pending concerning this issue. But the mere possibility that a state court may reopen direct review does not make a judgment of conviction non-final for purposes of § 2244(d)(1)(A). Jimenez v. Quarterman, 555 U.S. 113, 120 n.4 (2009).

[2] The district court stated that Tennyson's limitations period began on Monday, July 21, 2008, which was the "next court day" after Tennyson' time to appeal expired. Under Fed. R. Civ. P. 6, if the last day of a period falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). But the same rule does not apply to the first day of a period. See Fed. R. Civ. P. 6(a)(1)(B) (general instruction to "count every day, including intermediate Saturdays, Sundays, and legal holidays").

In calculating the one-year period, we exclude "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Thus, we do not count the time during which Tennyson's motion for sentence reconsideration was pending—from September 8, 2008, to February 5, 2009. Similarly, we exclude the time during which Tennyson's motion to withdraw his plea was before the state courts—from April 6, 2009 to June 8, 2009. At that point, 110 days of the one-year period had run. Tennyson did not file any post-conviction proceedings during the remaining 255-day period, which expired on February 18, 2010.[3] His § 2254 petition, filed in 2016, was thus untimely.

**B**

Tennyson argues that he is entitled to equitable tolling of the one-year limitations period.[4] We must decide whether reasonable jurists could conclude that the district court abused its discretion in denying equitable tolling. See Al-Yousif v. Trani, 779 F.3d 1173, 1177 (10th Cir. 2015) (denial of equitable tolling is reviewed for abuse of discretion). Tennyson is entitled to equitable tolling if he shows "that he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way and prevented timely filing." Id. (quotation omitted).

---

[3] Tennyson filed state post-conviction proceedings after that date, but "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

[4] In district court, Tennyson argued that the one-year limitations period was reset when the state court amended his restitution order. He waived the issue on appeal. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007).

Tennyson seeks equitable tolling for the period between June 2009 and August 2011. He claims that he diligently pursued state court remedies, but did not understand until August 2011 that he had a right to appeal from the denial of post-conviction proceedings, and did not learn of his right to file a direct appeal from his judgment of conviction until even later. Tennyson also states that his trial attorney affirmatively misled him about his ability to appeal, prison authorities limited his access to the prison law library, and he is a slow reader with limited reading comprehension.[5]

"[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted). An attorney's errors, miscalculations, inadequate research or other errors have generally not been found to rise to the extraordinary circumstances required for equitable tolling. Fleming v. Evans, 481 F.3d 1249, 1255-56 (10th Cir. 2007). Tennyson has not shown egregious attorney misconduct sufficient to constitute extraordinary circumstances. See id. In addition, as the district court noted, Tennyson waited two years to seek further relief from the state courts after his motions for sentence reduction and to withdraw his guilty plea were denied. He fails to show that a misunderstanding about his appellate rights, even if prompted by his attorney's alleged misstatements, excuse a two-year delay.

---

[5] Tennyson also argues that the AEDPA limitations period should not have commenced until he discovered the factual predicate for his argument in the exercise of due diligence. § 2244(d)(1)(D). But the AEDPA provision he cites refers to discovery of the factual basis for a claim, not of the right to a state post-conviction appeal.

Tennyson also argues that because the state court failed to timely notify him of the denial of his motion to withdraw his guilty plea, that motion should be deemed pending, or at least that the alleged lack of notice entitles him to equitable tolling. But he admitted in district court that he sent a letter to the state court inquiring about the status of his motion to withdraw, and received in response a docket sheet and a copy of a minute order showing the disposition of the motion.

In addition, Tennyson asserts that AEDPA's limitations period should not apply to his case at all, because he claims structural error in connection with the state court's institution of proceedings against him, acceptance of his guilty plea, and/or sentencing. But these alleged legal errors, even if structural, do not constitute an allegation of actual innocence sufficient to trigger the miscarriage-of-justice exception. See McQuiggin v. Perkins, 569 U.S. 383, 396-97 (2013).[6]

Finally, Tennyson cites cases bypassing the habeas exhaustion requirement if a petitioner presents a substantive competency claim. See Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997); Sena v. N.M. State Prison, 109 F.3d 652, 654 (10th Cir. 1997). The exception discussed in these cases arises when the petitioner's lack of mental competency, which forms the basis for his habeas claim, also prevented him from pursuing that claim in state court. Tennyson does not assert a substantive competency claim, and thus these cases are not on point.

---

[6] Tennyson additionally asserts that he did not discover the basis for this claim until 2014, and could not have done so sooner because he did not have physical access to his court file until then. These assertions fail to debatably establish a 2014 accrual date for this claim under § 2244(d)(1)(D).

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** this appeal. We

**GRANT** Tennyson's motion to proceed in forma pauperis on appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge